**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LOUIS A. MANDARINI, III, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS,<br>                              Plaintiff,<br><br>                  v.<br><br>UNITED RENTALS, INC.,<br>                              Defendant. | )<br>)<br>)<br>)  C.A. No.<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1.      This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

2.      The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness

benefits to participants.  The Massachusetts Laborers' Benefit Funds administers the Fund at

1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan"

within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  It provides participants

with a defined pension benefit.  The Massachusetts Laborers' Benefit Funds administers the

Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit

plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  This Fund is a

defined contribution fund.  The Massachusetts Laborers' Benefit Funds administers the Fund at

1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit

plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  This Fund trains apprentices

and journey workers in the construction industry.  The Fund is administered at 37 East Street,

Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare

benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Fund is

administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds

are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37).  They

are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of

the collective bargaining agreement between Defendant United Rentals, Inc. ("United Rentals")

and the Massachusetts & Northern New England Laborers' District Council ("Union").

9.      Louis A. Mandarini, III is the Executive Director of the Massachusetts Laborers'

Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial

district.  Among other things, Mr. Mandarini serves as the collection agent for the Funds, and the

other funds and dues set forth below.  In this capacity, Mr. Mandarini has authority and control

over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A), 29 U.S.C.

§ 1002(21)(A).

10.     Defendant United Rentals is a corporation with a principal place of business at

100 First Stamford Place, Suite 700, Stamford, CT 06902 and is an employer engaged in

commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and

within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

## GENERAL ALLEGATIONS OF FACT

11.     On or about June 3, 1969, Hamilton Construction Corporation ("Hamilton

Construction Equipment Corporation") signed an Acceptance of Agreements and Declarations of

Trusts, in which it agreed in writing and in relevant part to be bound to the terms of collective

bargaining agreements entered into by the Union, on behalf of its local unions, and various

contractors and construction associations throughout the Union's territorial jurisdiction, and to

any successor agreements.  A true and accurate copy of that Acceptance of Agreements and

Declarations of Trusts ("Acceptance of Agreements") is attached hereto as Exhibit A.

12.     Defendant United Rentals acquired Hamilton Construction Equipment

Corporation in 1999.  A copy of the Articles of Merger is attached hereto as Exhibit B.  A copy

of Defendant United Rentals' notification to the Union of the acquisition is attached hereto as

Exhibit C.  United Rentals continued to remit contributions under the below described CBAs.

13.     Because of the Acceptance of Agreements, United Rentals is party to the terms of the Building and Site Agreement between the Union and the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (hereinafter the "CBA").  The most recent version of the CBA, which is effective from June 2020 through May 2024, has not yet been printed.  However, the relevant terms of the 2020 – 2024 CBA are the same as those of the 2016 – 2020 CBA.  A copy of the relevant pages of the 2016 - 2020 CBA is attached hereto as Exhibit D.

14.     The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed.  Ex. D at 25-30, 49.

15.     The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust, the Massachusetts Construction Advancement Program, and the Massachusetts Laborers' Unified Trust (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates.  Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id. at 21-22, 26-27, 31-33.

16.     The Massachusetts Laborers' Benefit Funds collect the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

17.     All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  Id. at 34-35.

18.     Signatory contractors such as United Rentals are obligated to submit remittance reports each month, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month.  They are also required to submit to periodic payroll audits of their related records.

19.     United Rentals has failed to submit contributions and reports in a timely manner for the months of June through September 2020.  On information and belief, United Rentals employed laborers for work covered by the CBA during these months.  In addition, United Rentals owes $413.53 in interest on contribution payments that were previously paid late.

## COUNT I - VIOLATION OF ERISA

20.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 above.

21.     The failure of United Rentals to make payment of all contributions and interest owed to Plaintiff Funds on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

22.     Absent an order from this Court, United Rentals will continue to ignore its obligations to remit the contributions and interest it owes to the Funds.

23.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

24.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 above.

25.     The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. §

185.

26.     The failure of United Rentals to pay the contributions and interest it owes, to

remit the deducted dues, and to submit remittance reports violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.     Order the attachment of the machinery, inventory, bank accounts and accounts

receivable of United Rentals;

b.     Order United Rentals to make available to the Plaintiff Funds or their duly

authorized representative all of its payroll records, including, but not limited to, file copies of

contribution reports, payroll tax returns, employees' earning records and hours worked, weekly

payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job

locations from its last audited date until the date of the Court's order for the purpose of

ascertaining the amounts, if any, of unpaid contributions owed for that period;

c.     Enter a preliminary and permanent injunction enjoining United Rentals from

refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the

preceding Paragraph;

d.     Enter a preliminary and permanent injunction enjoining United Rentals from

refusing or failing to pay the contributions and interest owed to the Funds;

e.     Enter judgment in favor of the Funds on Count I in the amount of all contributions

due for the months of for the months of June through September 2020, plus interest on late-paid

contributions, together with any additional amounts determined by the Court to be owed to the

Funds or which may become due during the pendency of this action, together with interest on the

unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20

percent of the total of unpaid contributions or the total interest owed, whichever is greater,

reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. § 1132(g)(2);

      f.      Enter judgment in favor of the Funds on Count II in the amount of any unpaid

contributions and dues owed for the months of June through September 2020, plus any additional

amounts determined by the Court to be owed to the Funds or which may become due during the

pendency of this action; and

      g.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR, MASSACHUSETTS
LABORERS' BENEFIT FUNDS,

By his Attorneys,

/s/ Nathan P. Goldstein
Nathan P. Goldstein, BBO No. 666101
Sasha N. Gillin, BBO No. 690769
Sophie C. Esquier, BBO No. 698875
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 253
ngoldstein@segalroitman.com
sgillin@segalroitman.com
sesquier@segalroitman.com

Dated:  October 22, 2020

## VERIFICATION

I, Louis A. Mandarini, III, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _22__ DAY OF OCTOBER, 2020.

Louis Mandarini III
Digitally signed by Louis
Mandarini III
Date: 2020.10.22 10:58:57 -04'00'

Louis A. Mandarini, III

SCE/sce&ts
6306-20286/complt.doc